Opinion of
the Court.
THE defendants in error, who were complainants in the court below, exhibited their bill in chancery, to obtain a conveyance for a lot in the town of Louisville, which they allege was purchased from William Johnston, deceased, by Joseph Winlock, through whom, by various intermediate transfers, they claim title. The plaintiffs in error, and Joseph Winlock, and Richard Jones Waters, to whom Winlock sold the lot, were made defendants in the court below; but the persons to whom Waters sold the lot, and from whom the complainants in that court purchased, were not made parties, either complainants or defendants. The bill was regularly taken for confessed, against Winlock and Waters. The other defendants, by their answer, put the complainants upon the proof of the allegations in their bill; and the cause being set for hearing as to all the defendants in that court, a decree was pronounced, ordering the devisees of Johnston to convey the lot to the defendants in error; to reverse which decree, this writ of error has been prosecuted.
It is assigned for error, that the court below erred in pronouncing a decree against the plaintiffs in error, without also making a decree against the other defendants in that court. Although the defendants, Winlock and Waters, are not expressly mentioned in the decree, it is conceived the decree, as to them, to every essential purpose, is complete. The defendants in error claiming title through them, it was essentially necessary they should be before the court, not that a *178 decree should be pronounced against them to convey a title, but that a final decree should be entered as to the right of the defendants in error to have a title from those holding the legal title to the lot. In the present case, the court below has decreed that the complainants in that court are entitled to the lot, and ordered the plaintiffs in error to convey; and although Winlock and Waters are not specially named in the decree, they were regularly before the court, and all the interest which they can possibly have in the matter in question, was fully and finally determined.
It is also assigned for error, that the court erred in pronouncing a decree for a conveyance, the contract of purchase from Johnston not having been reduced to writing. It is certain, that unless the purchase from Johnston is evidenced by some memorandum in writing, signed by Johnston or some other person by him lawfully authorised, his devisees, the plaintiffs in error, cannot be bound to convey; and it is clear, that such description of evidence is not exhibited in this case. One witness speaks of his having seen a memorandum among the papers of Johnston, describing the lot in question as having been sold to Winlock; but whether that memorandum was signed by any person, or upon what consideration the lot was sold, the evidence is altogether silent. A majority of the court think, therefore, the evidence does not justify the decree for a conveyance.
Decree reversed.